FILED
DEC - 8 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Antolin Andrew Marks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 2131 |
| ) | |
| Michael Mukasey *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND TRANSFER ORDER

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff claims to be an Immigration and Custom Enforcement ("ICE") detainee in Tacoma, Washington. He seeks to enjoin the United States Attorney General from enforcing immigration laws that "deal with removal of persons found in the United States, except where Congress has specifically entered into compacts or contracts with individuals to enter the United States to seek naturalization and those persons have fallen afoul of the terms set by Congress." Compl. at 1.

In a similar case against the United States Congress, this Court, in dismissing for lack of subject matter jurisdiction, found in effect that plaintiff had not established his standing to sue by alleging "a 'personal injury fairly traceable to the defendant[s'] allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Marks v. United States Congress Individual Members 1-435*, Civ. Action No. 08-0175, Mem. Op. at 2 (D.D.C. Jan. 29, 2008) (*quoting Allen v. Wright*, 468 U.S. 737, 751 (1984)).[1] In affirming that ruling, the United States Court of

---

[1] *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("The defect of standing is a defect in subject matter jurisdiction.")

Appeals for the District of Columbia Circuit stated that "appellant must assert his claims in conjunction with his removal proceedings . . . ." App. No. 08-5071 (D.C. Cir. July 25, 2008).

In the current complaint, plaintiff does not challenge a removal proceeding but rather his alleged detention by ICE for the past three years. *See* Compl. at 1. Because plaintiff may challenge his detention via a petition for a writ of *habeas corpus, see* 28 U.S.C. § 2241, this Court lacks jurisdiction to entertain a separate action for injunctive relief. *See LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (district court lacked subject matter jurisdiction over declaratory judgment action challenging federal extradition statute where *habeas corpus* remedy was available in the location of the custodian). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *accord Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) ("jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located.") (internal citations and quotation marks omitted). Petitioner's custodian is not within this Court's territorial jurisdiction. The Court finds it in the interests of justice and judicial economy to transfer the case. Accordingly, it is this 6th day of November 2008,

ORDERED that pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Western District of Washington. The Clerk of this Court shall file and docket the complaint. Whether plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

/s/ *signature*
United States District Judge